IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| James Clinton McCorvey, Jr., | ) C/A No. 0:10-1585-JFA-PJG |
|---|---|
| Petitioner, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| Mary M. Mitchell, Warden, | ) **RECOMMENDATION** |
| Respondent. | ) |

The petitioner, James Clinton McCorvey, Jr. ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at the Federal Correctional Institution in Edgefield, South Carolina, a facility of the Federal Bureau of Prisons. Petitioner contends that he is actually innocent of being a career criminal under 18 U.S.C. § 924(e), Armed Career Criminal Act ("ACCA"), based on an intervening United States Supreme Court decision. See Johnson v. United States, __ U.S. __, 130 S.Ct. 1265 (2010) (conviction under Florida's battery statute is not a violent felony for purposes of the ACCA). Petitioner seeks to have his sentence vacated and to be re-sentenced without application of the ACCA. This action should be summarily dismissed because it is clear from the petition, with attachments, that the relief requested is not available pursuant to § 2241.

### *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Antiterrorism and Effective

Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims

that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

In the United States District Court for the Northern District of Florida ("sentencing court") on March 6, 2006, a jury found Petitioner guilty of possession of cocaine with intent to distribute, as well as possession of a firearm by a convicted felon.[1] Petitioner was sentenced to 294 months' imprisonment on May 23, 2006, based on increased penalties for prior felony convictions pursuant to 18 U.S.C. § 924(e)(1). Petitioner filed a direct appeal, and the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") dismissed the appeal on April 12, 2007 as untimely filed.

Petitioner then filed for post-conviction relief through a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on December 6, 2007. The § 2255 motion challenged the sentence enhancement that was based on prior convictions, as well as raising other unrelated grounds. In his § 2255 motion, Petitioner argued his "prior state convictions are not qualifying predicate offenses" and he is "actually innocent of the ACCA classification pursuant to Shepard v. U.S., 125 S. Ct. 1254 (2005)." See United States v. McCrorvey, Case No. 3:05-cr-00110-LC (N.D. Fla.). An order denying Petitioner's § 2255

---

[1] Petitioner states the basic procedural history of his case in his § 2241 petition and attached memorandum. (Docket Entry 1 at 2; Docket Entry 1-1 at 11.) Further details are found in his criminal case, Case No. 3:05-cr-00110-LC (N.D. Fla.). See United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949).

Page 3 of 9



motion was entered on March 6, 2009. Petitioner filed a motion to amend or alter judgment, which was denied on May 18, 2009. Petitioner filed a notice of appeal, which was also denied. On July 16, 2009, Petitioner filed a motion for a certificate of appealability ("COA"), which was denied by the district court judge on July 20, 2009. The Eleventh Circuit denied Petitioner's request for a COA by order entered December 9, 2009. The United States Supreme Court denied certiorari on April 23, 2010.

Petitioner next filed this case for habeas relief pursuant to § 2241 under the savings clause of § 2255, claiming § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Petitioner was sentenced as an armed career criminal based in part on two prior Florida state convictions for battery and battery on a law enforcement officer.[2] He contends his sentence should be vacated because a recent United States Supreme Court case, Johnson v. United States, __ U.S. __, 130 S.Ct. 1265 (2010), held that a Florida state conviction for battery is not *per se* a violent felony for purposes of the ACCA. Petitioner also claims he is actually innocent as an armed career criminal because the two prior battery convictions used to determine he was a career criminal no longer qualify as violent felonies for ACCA purposes. Petitioner acknowledges that he cannot bring this issue in a second motion under § 2255 because he cannot meet the gatekeeping provision of § 2255 requiring a "new rule of constitutional law." 28 U.S.C. § 2255(h)(2). Petitioner's § 2241 Petition seeks to have his sentence vacated and to be re-sentenced without application of the ACCA.

---

[2]The ACCA, 18 U.S.C. § 924(e)(1), imposes a mandatory fifteen-year minimum sentence if a defendant has three or more previous convictions for "crimes of violence" or violent felonies.

*PJG*

## DISCUSSION

A § 2241 habeas petition generally challenges the execution of a sentence rather than its validity, whereas a direct appeal and § 2255 motion challenge the imposition of the sentence, including its validity. See United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "execution of the sentence rather than the sentence itself"); Evans v. Rivera, 2009 WL 2232807 (D.S.C. July 23, 2009) (habeas petition under § 2241 "attacks the execution of a sentence rather than its validity") (citation omitted). Petitioner's claims in this case attack the legality of the sentence itself, and are not cognizable claims under 28 U.S.C. § 2241.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Triestman v. United States, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255, a new postconviction remedy in the sentencing court, as a substitute for the traditional habeas corpus remedy. Swain v. Pressley, 430 U.S. 372, 377-78 (1977). The § 2241 habeas remedy is now very limited for federal prisoners challenging their sentence, and is confined to the § 2255 savings clause. 28 U.S.C. § 2255(e). Only when a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention, may § 2241 be used to seek a remedy. Id.; see In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997).

Petitioner contends that he cannot bring the claims presented in his § 2241 petition in a second 2255 motion "because the basis on which he seeks relief is neither newly discovered evidence nor a new rule of constitutional law," thus Petitioner cannot satisfy the

gatekeeping provision of § 2255.³ He appears to argue that as a result, § 2255 is inadequate or ineffective to test the legality of his detention and, under the savings clause of § 2255, Petitioner can file a motion pursuant to 28 U.S.C. § 2241. The savings clause is not satisfied merely because a petitioner is unable to meet the requirements to file a successive § 2255, or if a petitioner's prior § 2255 motion was unsuccessful. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."). In fact, Petitioner filed a motion for a Certificate of Appealability that challenged the application of the ACCA based on the argument that his "prior state convictions are not qualifying predicate offenses" and he is "actually innocent of the ACCA classification." The Eleventh Circuit determined that a COA would not issue because Petitioner "did not make the requisite showing." McCorvey v. United States, No. 09-13674 (11th Cir. December 8, 2009). The Eleventh Circuit's denial of Petitioner's COA does not render the § 2255 remedy inadequate or ineffective. See In Re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*en banc*) (the § 2255 remedy is not inadequate or ineffective based simply on inability to obtain relief under § 2255).

This district court is within the Fourth Circuit, and Fourth Circuit precedent, In re Jones, 226 F.3d at 333, states that "[t]here must exist some circumstance in which resort to § 2241 would be permissible; otherwise, the savings clause itself would be meaningless." The Jones Court concluded that:

---

³Title 28 U.S.C. § 2255(h)(2), the gatekeeping provision, requires "newly discovered evidence" or a "new rule of constitutional law" before bringing a claim in a second or successive motion under § 2255.



> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34. Petitioner's circumstances do not meet these requirements.

Petitioner claims that he was sentenced under § 924(e) as a career offender based in part on two prior Florida state convictions for battery. Binding Eleventh Circuit law in place at the time of his sentencing held that such an offense was a violent felony for purposes of the ACCA. See United States v. Glover, 431 F.3d 744 (11th Cir. 2005), abrogation recognized by United States v. Joseph, 2010 WL 1253048 (11th Cir April 1, 2010). Subsequent to Petitioner's direct appeal and first § 2255 motion, binding law changed, holding that such a conviction is not *per se* a violent felony for purposes of the ACCA. See Johnson v. United States, __ U.S. __, 130 S.Ct. 1265 (2010). Clearly, Petitioner challenges only sentencing enhancements rather than his actual conviction, so he cannot establish the second requirement of the Jones test that "the conduct of which the prisoner was convicted is deemed not to be criminal." Id.; see James v. Stansberry, 2009 WL 320606 (E.D.Va. February 9, 2009) (unpublished); see also United States v. Poole, 531 F.3d 263, 267 & n.7 (4th Cir. 2008) (noting that the savings clause does not extend to challenges of sentences only). Petitioner fails to establish that § 2255 is inadequate and ineffective to test the legality of his detention.

Petitioner further contends he is "'actually innocent' of the factors used to enhance his sentence under the ACCA." (Docket Entry 1-1 at 18.) Petitioner does not claim to be actually innocent of his convictions for possession of a firearm by a convicted felon, or



possession of cocaine with intent to distribute, as required by the Jones test. Instead, he argues that he is actually innocent of being an armed career criminal, a sentencing enhancement designation. This court can find no legal precedent permitting a petitioner to challenge his sentence under § 2241 based on being actually innocent of the sentence. Although the Fourth Circuit, in United States v. Maybeck, 23 F.3d 888, 894 (4th Cir 1994), found the petitioner "actually innocent of being a Career Offender because he had only one relevant prior felony conviction instead of the required two (2) predicate felony convictions," the petitioner in Maybeck brought his petition pursuant to § 2255 in the sentencing court. In the case herein, a petition under § 2241 is only available if § 2255 is inadequate or ineffective. Petitioner has not established that a § 2255 motion is "inadequate or ineffective to test the legality of his detention," which would allow him to proceed under § 2241.

**RECOMMENDATION**

The court recommends that the habeas petition in this case be dismissed without prejudice and without requiring a response from the respondent.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 16, 2010
Columbia, South Carolina

*The petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).