UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Clinton McCorvey, Jr., | ) | C/A No. 0:10-1585-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| Mary M. Mitchell, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, James Clinton McCorvey, a federal prisoner proceeding without assistance of counsel, seeks habeas corpus relief under 28 U.S.C. § 2241. Specifically, petitioner seeks to be re-sentenced contending that two of his predicate offenses for purposes of the Armed Career Criminal Act (ACCA) enhancement have been declared non-violent. He contends that his Florida convictions for battery have been deemed not violent under recent case law, and that his sentence should not remain enhanced under the ACCA.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that this action should be summarily dismissed because the claim presented is not cognizable under § 2241. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on August 16, 2010. The petitioner filed was then granted an extension of time to file his objections until September 30, 2010. He filed a timely 19-page objection memorandum which the court will address herein.

PROCEDURAL HISTORY

The defendant was convicted by a jury in March 2006 for possession of cocaine with intent to distribute and possession of a firearm by a convicted felon. The United States District Court for the Northern District of Florida sentenced the defendant to 294 months imprisonment. His sentence included an enhancement under the ACCA as a result of his prior felony convictions, two of which were for battery. He filed a direct appeal with the Eleventh Circuit Court of Appeals and it was dismissed in April 2007 as untimely. Defendant then filed a motion to vacate his sentence under 28 U.S.C. § 2255 challenging the sentence enhancement and other unrelated grounds. The Florida District Court denied the § 2255 motion and the subsequent motion to alter or amend. On December 9, 2009, the Eleventh Circuit denied defendant's motion for a certificate of appealability. The petitioner then filed his § 2241 action in this district on June 23, 2010.[2]

At the heart of defendant's challenge is his claim that a recent United States Supreme Court case, *Johnson v. United States* ___ U.S. ___, 130 S.Ct. 1265 (2010), held that a Florida

---

[2] Habeas petitions are usually filed under § 2255 in the court that imposed the prisoner's sentence. When § 2255 "appears ... inadequate or ineffective to test the legality of his detention," § 2255(e), however, a federal prisoner may seek habeas relief from the court in the district of his confinement under § 2241. *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).

state conviction for battery is not *per se* a violent felony for ACCA purposes. He thus contends that he should be resentenced without the ACCA enhancement. The *Johnson* decision, which changed binding law, was subsequent to petitioner's direct appeal and his first § 2255 motion before the Eleventh Circuit.

The defendant contends that he cannot bring this issue in a second motion under § 2255 because he cannot meet the gatekeeping provision of § 2255 requiring a new rule of constitutional law. 28 U.S.C. § 2255(h)(2). Thus, he reasons that his petition under § 2241 is proper.

As the Magistrate Judge correctly notes, a § 2241 petition challenges the execution of a sentence rather than its validity, whereas a direct appeal and a § 2255 motion challenge the imposition of the sentence, including its validity. Here, defendant's claim attacks the legality and validity of the sentence and thus it is not cognizable under § 2241 unless a § 2255 motion is inadequate or ineffective to test the legality of the detention. The Magistrate Judge concludes that § 2255 is not inadequate or ineffective simply by virtue of the fact that the defendant has previously filed a § 2255 in the Eleventh Circuit where he was sentenced and failed to obtain relief therefrom.

The Fourth Circuit Court of Appeals in *In Re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) set forth a test to determine whether a § 2255 motion should be considered inadequate or ineffective, thus making the "savings clause" of § 2255 available to challenge the validity of the conviction through § 2241. The petitioner must demonstrate that (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the

3

conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

The *Johnson* case petitioner relies on is only applicable to defendant's ACCA enhancement and not his original federal conviction. Thus, he cannot meet the second requirement of the *Jones* test that the conduct of which he was convicted is deemed not be criminal. Moreover, the savings clause does not extend to challenges of sentences only.

In his objections, petitioner acknowledges that he filed a direct appeal of his conviction, which the Eleventh Circuit Court of Appeals dismissed as untimely. Petitioner also concedes that he filed a timely motion under 28 U.S.C. § 2255 which was also rejected by the district court. Petitioner contends that he is not challenging his conviction, rather, he is challenging his career offender status because he is actually innocent of that ACCA sentencing provision.

As the Magistrate Judge correctly suggests, the claim raised by petitioner is not proper in a § 2241 petition. Absent a finding that a § 2255 petition is inadequate or ineffective, the petitioner cannot invoke the savings clause. Moreover, any successive § 2255 petition must be presented in the district or circuit court where the defendant was sentenced, not in the court of his confinement. The petitioner may refer to 28 U.S.C. § 2244 to determine the procedure for seeking certification from the United States Court of Appeals for the Eleventh Circuit to have the sentencing court consider review of a successive § 2255 motion.

The court has carefully reviewed the petitioner's objections and finds them to be without merit. Notably, the petitioner states that the legal landscape at the time of his federal sentencing, direct appeal, and first § 2255 motion foreclosed his *Johnson* argument because he had no prior opportunity to raise this claim before the *Johnson* case was decided on March 2, 2010.

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this petition is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*/s/ Joseph F. Anderson, Jr.*

March 28, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge